UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| CLYDE E. PRYOR, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:09-CV-472 TS |
| v. | ) |
| MRS. PAT, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Clyde E. Pryor, a prisoner proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, a complaint must contain enough facts to state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Additionally, in determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Pryor raises a claim for

deliberate indifference to a serious medical need based on an incident that occurred while he was housed at the St. Joseph County Jail. Because these events occurred while Pryor was a pretrial detainee, the Fourteenth Amendment applies, although "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Pryor alleges that on August 1, 2009, Mrs. Pat, a nurse at the jail, gave him medicine to which he was allergic, even though she was fully aware of his allergy, and then failed to let him

2

see a doctor for five to six days after he suffered a severe allergic reaction, which included hives, chest pain, dizziness, and other symptoms. He alleges that Mrs. Pat's actions were not simply negligent or careless, but were done willfully or with deliberate indifference because she was well aware of his drug allergy. Giving Pryor the benefit of the inferences to which he is entitled at the pleading stage, he has stated a claim against her under the Fourteenth Amendment.

Pryor also lists the "St. Joseph County Jail Staff" as a Defendant in the caption of his Complaint; however, he makes clear in the body of the Complaint that he is suing only Mrs. Pat.[1] Accordingly, "St. Joseph County Jail Staff" will be dismissed as a Defendant.

For the foregoing reasons, the Court:

(1) **GRANTS** Clyde E. Pryor leave to proceed on his Fourteenth Amendment claim against Mrs. Pat in an individual capacity for monetary damages for giving him medicine on August 1, 2009, to which he was allergic and then denying his requests to see a doctor when he had an allergic reaction;

(2) **DISMISSES** the St. Joseph County Jail Staff;

(3) **DISMISSES** any other claims;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Mrs. Pat; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Mrs. Pat respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, to the claim for which the *pro se* Plaintiff has been granted leave to proceed in this screening order.

---

[1] In Section B of the Prisoner Complaint form, a plaintiff is directed to list how many defendants he is suing, and to list the defendant or defendants by name, making sure to number them if suing more than one defendant. Pryor indicates in this section that he is suing one defendant, and that her name is Mrs. Pat. (Prisoner Compl. 2.)

SO ORDERED on December 15, 2009.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION