# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| CLYDE E. PRYOR, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO. 3:09-CV-472-TLS |
| MRS. PAT, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Plaintiff Clyde E. Pryor filed a pro se Complaint alleging deliberate indifference to a serious medical need based on an incident that occurred while he was being held at the St. Joseph County Jail as a pretrial detainee. Pursuant to 28 U.S.C. § 1915A, the Court screened his Complaint and, on December 15, 2009, granted him leave to proceed with his Fourteenth Amendment claim against the Defendant in her individual capacity for monetary damages. The Defendant, Patricia A. Fletcher, is a nurse at the St. Joseph County Jail and was identified in the Complaint as Mrs. Pat. The Defendant answered the Complaint, and the case proceeded through discovery before the Defendant moved for summary judgment on July 16, 2010. For reasons stated in this Opinion and Order, the Defendant's Motion for Summary Judgment [ECF No. 37] will be granted.

## BACKGROUND

On October 6, 2009, the Plaintiff filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Plaintiff alleges that on August 1, 2009, the Defendant, acting in her capacity as a nurse at the jail, gave him medicine to which he was allergic, even though she was fully aware of his allergy, and then failed to let him see a doctor for five to six days after he suffered a severe

allergic reaction, which included hives, chest pain, dizziness, and other symptoms. He alleges that the Defendant's actions were not simply negligent or careless, but were done willfully or with deliberate indifference because she was well aware of his drug allergy. The Court determined that the Complaint stated a claim against the Defendant for a violation of his constitutional rights under the Fourteenth Amendment and allowed the case to proceed.

On January 4, 2010, the Defendant filed an Answer. On February 24, the Plaintiff moved to amend his complaint. The Court denied leave to amend because the proposed amended complaint contained irrelevant information, did not appear to be a complete document, and attempted to assert claims that were futile. (*See* Proposed Am. Compl., ECF No. 20-1; 3-8-10 Order, ECF No. 24.)

On July 16, the Defendant filed a Motion for Summary Judgment [ECF No. 37]. The Defendant's Motion was accompanied by a Memorandum in Support [ECF No. 38], a Designation of Exhibits Relied Upon [ECF No. 39], and a Notice [ECF No. 42], which advised the Plaintiff of his obligation to respond to the Motion for Summary Judgment. The exhibits include the Affidavit of Nurse Patricia Fletcher and the Plaintiff's medical records. The Defendant argues that the Plaintiff cannot establish a deliberate indifference claim because the evidence does not show that he suffered from a serious medical condition or that the Defendant was aware of any serious potential risk of harm to the Plaintiff that she ignored.

On September 14, 2010, the Plaintiff filed his Declaration in Opposition to Defendant's Motion for Summary Judgment [ECF No. 48] and a Statement of Material Facts in Support of Objections to Defendant's Summary Judgment [ECF No. 48-1], asserting that genuine issues of material fact precluded the entry of summary judgment. He also submitted a Designation of

Exhibits Relied Upon [ECF No. 48-2] identifying his Affidavit, jail medical records, and an April 11, 2007, St. Joseph County Jail Medical Profile Report and a related Memorial Home Care, Inc., Clinical Notes. The Plaintiff argues that the Defendant failed to check his available medical profile before administering him an antibiotic, even though he had already informed her that he was allergic to some medications. He asserts that this lack of professional diligence constitutes deliberate indifference to his medical needs.

On September 15, the Defendant filed her Reply in Support of Motion for Summary Judgment [ECF No. 49]. The Defendant asserts that the Plaintiff has not shown a genuine issue of material fact on the issue concerning whether he had an objectively serious medical condition, and that the statements in his Affidavit regarding his condition should be disregarded because they are conclusory and speculative. Referring to the second element of a deliberate indifference claim, the Defendant argues that the Plaintiff has not shown a genuine issue of fact regarding the Defendant's state of mind.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50

(1986); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court must consider the evidence as a jury might, "construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which party's version of the facts is more likely true." *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999); *see also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (noting the often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). A court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. To determine whether any genuine issue of fact exists, a court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c), Advisory Committee Notes, 1963 Amendments; *see also Anders v. Waste Mgmt. of Wis., Inc.*, 463 F.3d 670, 675 (7th Cir. 2006) (stating that the party opposing the motion "may not rest upon the mere allegations or denials contained in their pleadings; instead, it is incumbent upon them to introduce affidavits or other evidence setting forth specific facts showing a genuine issue for trial").

## STATEMENT OF FACTS

The Defendant is a registered nurse who works as a staff nurse at the St. Joseph County Jail. On Saturday, August 1, 2009, at 9:30 a.m., she was working at the jail when the Plaintiff complained that he thought he had a sexually transmitted disease (STD). The Defendant asked the Plaintiff whether he had any known allergies. The Defendant states in her Affidavit that the Plaintiff told her that he did not have any allergies. His medical chart also indicates that he

denied having any drug allergies. The Plaintiff, on the other hand, avers in his Affidavit that he told the Defendant that he was allergic to certain antibiotics, which he could not specifically identify, but that his medical record from a detention at the jail around May 2007 would note his specific allergy. For purposes of summary judgment, the Court assumes that the Plaintiff's version of events is true and that he informed the Defendant that he was allergic to some unspecified antibiotics and that the information could be found in records from 2007. The Defendant then spoke to the doctor on call, Dr. Henderson, and he prescribed a seven-day regiment of Doxycycline and ordered a swab for STDs. The Plaintiff was administered his first dose of Doxycycline at 2:10 p.m. on that same day. The Plaintiff maintains that, when he asked what the medication was, the medical personnel told him that it was an antibiotic and that he should "just take it." (Pryor Aff. ¶ 8, ECF No. 48-3.)

The Defendant made a notation on the Plaintiff's medical chart that, at 4:30 p.m. on August 1, she was looking at his chart and noticed that it listed an allergy to Bactrim. She then located his prior medical chart from 2008, which listed allergies to Bactrim, Benadryl, and Doxycycline.[1] She noted that the Plaintiff had not exhibited or complained of any discomfort when she observed him at 3:45 p.m. while she was distributing medication to other inmates. The Defendant called the doctor to inform him of the allergy, and the Doxycycline was discontinued. The Defendant was not administered any further doses of that medication.

---

[1] The Plaintiff contends that the prior medical chart was from 2007. The reference to 2008 appears to be a typographical error. In any event, the exact date of the previous records is immaterial for purposes of this case and the pending Motion for Summary Judgment.

According to the Plaintiff, he immediately requested that jail staff contact medical personnel when he first began feeling ill after taking the Doxycycline. He does not indicate when this was or what he told the jail staff to relay to the medical personnel. He states that the medication was then discontinued, but that he did not receive "counter-agent medication" until days later. (Pryor Aff. ¶ 12, ECF No. 39-1.) The Plaintiff's medical chart reveals that the doctor prescribed a new medication on August 7 after the swab results came back positive for an STD. The medical records also reveal that the Defendant was not personally involved with the Defendant's care during this timeframe. The Plaintiff continued to receive treatment after it was confirmed that he had an STD.

In his Affidavit, the Plaintiff states that he experienced vomiting, hives, racing of his heart, aches and pain, and shortness of breath as a result of ingesting Doxycycline on August 1, 2009. The Plaintiff does not indicate when these symptoms first began or how long they lasted. The Defendant states that she continually assessed the Plaintiff's medical condition and that he showed no signs of a reaction to the single dose of Doxycycline. The Defendant's statement is consistent with the Plaintiff's medical chart, which does not identify any of the reactions identified by the Plaintiff or any other ill effects following the Plaintiff's ingestion of Doxycycline.

On August 2, the Plaintiff filed a grievance in connection with the administration of the Doxycycline. He charged that he was given Doxycycline even though his medical chart stated that he was allergic to the drug. In the grievance, he did not identify any adverse reaction to the drug. The jail responded that a doctor saw him and that he had no ill effects from the single dose

6

and advised that he should ask what medications he is being given and not take any drug to which he knows he is allergic.

On September 15, the Plaintiff filed a second grievance alleging that the Defendant was negligent when she administered a drug to him before even asking him if he was allergic to anything, without informing him what it was, and before checking his medical chart to see if he was allergic. He stated that this happened to him once before in 2008. In this grievance, the Plaintiff again did not note any reaction to the drug. In response to his grievance, the Plaintiff was informed that he should be aware of his own allergies and inform the staff of any allergies, as well as confirm what medication he is being given. The jail's response indicated that the Defendant had already provided the Plaintiff with a list of his allergies for him to use in the future when communicating with medical staff.

## DISCUSSION

Because these events occurred while the Plaintiff was a pretrial detainee, the Fourteenth Amendment applies, but "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *see also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009) (stating that the two elements that a plaintiff must demonstrate for a claim that a prison official has violated the Eighth Amendment are (1) an

objectively serious medical condition, and (2) deliberate indifference by the prison official to that condition).

A medical need is "serious" if it is one that a physician has diagnosed as requiring treatment, or if it is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Serious conditions include those that significantly affect the person's daily activities, feature chronic and substantial pain, or could result in further significant injury or unnecessary pain if left untreated. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997); *see also Hayes v. Snyder*, 546 F.3d 516, 522–23 (7th Cir. 2008). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "Deliberate indifference requires a showing of more than mere or gross negligence, but less than purposeful infliction of harm." *Knight*, 590 F.3d at 458. When considering whether care provided to an inmate evidences deliberate indifference to his serious medical needs, a court does not look to incidents in isolation, but considers the totality of his medical care. *Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000); *Gutierrez*, 111 F.3d at 1374.

The record, even when viewed in a light most favorable to the Plaintiff, does not establish that the Defendant had the requisite culpable state of mind. The Plaintiff complained of a possible infection and was administered medication to treat the infection on that same day. According to the Plaintiff's version of events, he told the Defendant that he was allergic to certain antibiotics, but did not know for sure which ones. The Defendant did not review the

8

Plaintiff's medical records before she spoke to the doctor on call about the Plaintiff's complaints of a possible STD. The doctor prescribed Doxycycline, and the Plaintiff was given his first dose of the drug at 2:10 p.m. By that evening, and before the Defendant was aware of any allergic reaction or threat to the Plaintiff's health, the Defendant reviewed the Plaintiff's chart, discovered his allergy, and promptly advised the treating physician. No further doses of the antibiotic were administered, and the Plaintiff's condition was monitored. *Cf. Estelle*, 429 U.S. at 104 n.10 (noting that injecting a prisoner with penicillin despite knowing that the inmate was allergic to it and then failing to treat the allergic reaction would constitute deliberate indifference); *Lair v. Oglesby*, 859 F.2d 605, 606 (8th Cir. 1988) (denying summary judgment because a dispute existed as to whether, after receiving notice of an adverse reactions from a drug, the defendant continued to prescribe, order, or permit additional injections).

The existence of a Doxycycline allergy was not obvious simply by observing the Plaintiff, and, as soon as the Defendant discovered his allergy in the written notation, she took action to protect the Defendant from harm that continued use might cause. Even if the Defendant was verbally put on notice of some unspecific allergy, and failed to verify it or discover the record of the allergy sooner, this amounts to negligence, which is not cognizable under § 1983. As the Seventh Circuit has instructed:

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Even if the reasonable course of action would have been to check the Plaintiff's medical records before prescribing any medication, it is not enough to show that a defendant merely failed to act reasonably. *Gibbs v.*

9

*Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker*, 233 F.3d at 499.

Additionally, the Plaintiff's own actions suggest that he did not believe that the risk to his health was serious. When the first dose was delivered to him, he inquired what it was and was told it was an antibiotic. Although he knew that he was allergic to certain antibiotics, he did not inquire further regarding what kind or type it was or whether the staff had checked to see if it was an antibiotic to which he had a known allergy. Likewise, his actions after taking the first dose do not support a conclusion that he suffered from a serious medical condition as a result of taking the Doxycycline. Even after (according to the Plaintiff's account) he suffered an allergic outbreak of hives, vomited an unspecific number of times, felt his heart racing, experienced unspecified aches and pains, and was short of breath, he did not act consistent with a belief that these were "life threatening" conditions that posed "a risk of needless pain or lingering disability if not treated at once." *Pinkston v. Madry*, 440 F.3d 879, 892 (7th Cir. 2006); *Davis v. Jones*, 936 F.2d 971, 982 (7th Cir. 1991). The Plaintiff did not seek medical attention for any of the above-described symptoms. He states in his Affidavit that he requested that the custody staff contact medical personnel after he began feeling ill from taking the medication, but he does not indicate when this occurred or what he asked the staff to relay to the medical personnel. Although the Plaintiff filed a grievance in connection with being prescribed Doxycycline just one day after taking the medication, he did not mention any ill effects or request treatment. It is undisputed that the medication was discontinued after one dose and neither the Plaintiff's Affidavit nor the medical records indicates that he required any additional treatment for an allergic reaction to the Doxycycline.

Because no reasonable jury could conclude that the Defendant's actions amounted to deliberate indifference to a serious medical need, the Defendant is entitled to judgment as a matter of law.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Defendant's Motion for Summary Judgment [ECF No. 37]. Judgment will be entered in favor of the Defendant and against the Plaintiff.

SO ORDERED on November 1, 2010.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION